IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
AT LITTLE ROCK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 3 1 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

KENT MCCOY, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

OMNI-CHANNEL MARKETING SOLUTIONS, LLC, d/b/a ERC FREE FILE d/b/a PATRIOT TAX FREE FILE, d/b/a REFUNDUM FREE FILE, MARKOND, LLC d/b/a MARKOND WORKFORCE SOLUTIONS, and JOHN DOES 1-10,

Defendants.

Case No. 4:23-cv-714-LPR

CLASS ACTION

JURY TRIAL DEMANDED

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**

Plaintiff Kent McCoy, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief as follows:

## NATURE OF ACTION

1. This case involves the contacting of individuals through the use of prerecorded messages and automated calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission ("FCC" or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA") on behalf of "Refundum," which is one of the business aliases of Defendants Omni-Channel Marketing Solutions, LLC ("Omni-Channel") and Markond, LLC ("Markond") and other persons and/or

1

entities whose identities are presently unknown to Plaintiffs ("John Does 1-10"). Collectively, Omni-Channel, Markond, and John Does 1-10 are referred to as "Defendants."

2. Defendants have violated the TCPA by making calls to Plaintiff and Class Members using an "automatic telephone dialing system" and an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1), without Plaintiff's and Class Members' prior express consent within the meaning of the TCPA.

3. Plaintiff brings this action for injunctive relief and statutory damages, all arising from the illegal activities of Defendants.

## JURISDICTION AND VENUE

4. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $3,000.00 in statutory damages for each call that violated the TCPA, since the calls at issue violated the TCPA in two ways. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. This Court also has subject matter jurisdiction over this case based on: (1) diversity of citizenship under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the citizenship of the parties is diverse; and (2) federal question jurisdiction per 28 U.S.C. § 1331 over Plaintiff's TCPA claims, which arise under federal law.

6. This Court has specific personal jurisdiction over Defendants because Defendants targeted consumers with advertising robocalls in Arkansas and this District, including to Plaintiff,

who resides in Pope County, Arkansas. Defendants' robocall marketing directed to residents of Arkansas is the subject of this dispute from which this lawsuit arises.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the conduct and events giving rise to this case, the transmission of unsolicited robocall advertisements directed to and received by residents of Arkansas including those sent to Plaintiff, occurred in this District, and Plaintiff resides in this District.

## PARTIES

8. Plaintiff Kent McCoy is, and at all times mentioned herein was, an individual citizen of the State of Arkansas and resident of Russellville, Pope County, Arkansas.

9. Defendant Omni-Channel is a limited liability company registered in the State of Connecticut, with a registered address of 101 Merritt 7 Corporate Park, 3rd Floor, Norwalk, Connecticut 06851. Omni-Channel does or has done business under the aliases "Refundum Free File," "Patriot Tax Free File," and "ERC Free File." Omni-Channel's registered agent of process is Patrick Ferrandino, who has an address of 101 Merritt 7 Corporate Park, 3rd Floor, Norwalk, Connecticut 06851.

10. Defendant Markond is a limited liability company registered in the territory of Puerto Rico, with a registered address of 1225 Avenida Juan Ponce de Leon, PH-792, San Juan, Puerto Rico 00907. Markond does or has done business under the aliases "Markond Workforce Solutions" and "ERC Free File." Markond's registered agent of process is "Markond, LLC" at 1225 Avenida Juan Ponce de Leon, PH-792, San Juan, Puerto Rico 00907.

11. Defendants John Does 1-10 are individuals and entities whose identities are presently unknown to Plaintiff and will be revealed in discovery, and who placed the calls at issue

in this action or who directed the placement of the calls at issue in this action by actual or apparent agents as their principals or ratified their agents' acts.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[2]

14. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. In 2003, the FCC affirmed that it is unlawful "to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number."[4]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it "reiterate[d] that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party."[5]

17. A single call using both a prerecorded voice and an autodialer constitutes two violations of the TCPA, even if both violations arose from the same call. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101 (11th Cir. 2015).

18. The TCPA and the Regulations impose liability on a person or entity where calls are made on its behalf. The FCC has found that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. Indeed, vicarious liability is a critical feature of the TCPA, which does not permit a party to avoid liability by placing it on its expressly, impliedly, or apparently authorized agents. *See, e.g., Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. And Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674-75 (2016).

---

[4] *Id.*, ¶ 165. *See* 47 U.S.C. § 227(b)(1), which contains exceptions for calls made for emergency purposes or made with the prior express consent of the called party.
[5] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, ¶ 11, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

## FACTUAL ALLEGATIONS

19.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.   On or around April 4, 2023, Plaintiff received two autodialed and pre-recorded calls to his cellular telephone (two-minutes apart at 3:52pm and 3:54pm) from two different phone numbers he did not recognize, each of which left the same following pre-recorded message:

> *"Hi, it's Sarah Jordan again here at Refundum. Could you give me a call back when you receive this message at 800-473-1065. It looks like your business will likely receive up to $26,000 for every employee maintained on payroll during the years 2020 or 2021. This is not a loan and you will not be required to pay it back. I can be reached at 800-473-1065. That's 800-473-1065. Thanks, and I look forward to speaking with you soon. Bye."*

21.   Not only were the messages and the voice tone of the speaker identical, but the beginning of each recorded message starts with an audible cue that is consistent with an old recording ending and a new recording beginning, suggesting that it was a pre-recorded message.

22.   In addition, the voice tone and background noise on the call sounded prerecorded, as opposed to a live voice.

23.   Plaintiff received at least one other recorded message from "Sarah Jordan" on March 30, 2023.

24.   A brief internet search reveals numerous individuals have also received the unsolicited pre-recorded messages from "Sarah Jordan" asking for a call back at 800-473-1065 around the same dates that Plaintiff received his robocalls:

L. Ward - Saint Johns, FL, USA · Apr 04, 2023

**Scammer's phone** (800) 473-1065
**Country** United States
**Victim Location** FL 32259, USA
**Type of a scam** Phishing

I got two voicemails back to back (15 min apart) from same person but from different phone numbers, but the voicemail was the same. Numbers called from ************* ************. Voicemail reads; "Hi it's ***** ****** again here a refund could you give me a call back when you receive this message at 800-******** it looks like your busines will likely receive up to $26,000 for every employee maintained on pay roll during the years 2020 and 2021 this is not a loan and you will not be required to pay it back.

👍 Useful                                                                                    💬 Reply

**Reports**

⚠️ Spam

Hi it's Sarah Jordan again here at refundem. Could you give me a call back when you receive this message at 800-473-1065. It looks like your business will likely receive up to $26,000 for every employee maintained on payroll during the year is 2020 and or 2021. You will not be required to pay parking is not alone. I can be reached at 800-473-1065. That's 800-473-1065. Thanks and I look forward to speaking with you soon. Bye.

Polyergic
4/5/23 8:47 PM

r/Scams · 5 mo. ago
by blazblu82                                                                                Join

# Keep getting repeated daily phone calls from Refundem (I think that's the name)

I'm not sure how I ended up on their phone call list, but these people call me almost daily saying something about I'm eligible to receive up to 26 grand per employee. I'm not entirely certain the name they provide is correct as it seems to be hard to understand. Everyone who calls and leave a VM are English speaking women. This is obviously a scam since I'm not an employer nor ever been one. All the calls I get use different phone numbers, but all reference the same 800 number in voicemail.

Anyone else getting these calls? I keep blocking the numbers, but they keep using different numbers to circumvent. Any way I can block them completely? TIA!



25. Defendants are, and at all times mentioned herein were, "persons," as defined by 47 U.S.C. § 153(39).

26. The voice on the prerecorded messages at issue in this lawsuit claimed that the message was being delivered on behalf of "Refundum."

27. Upon information and belief, "Refundum" refers to "Refundum Free File," a company and website (refundem.com) which offers to assist businesses with claiming an "ERC" of up to $26,000 per employee. "ERC" refers to "Employee Retention Credit," which is a tax credit against the employer portion of Social Security and Medicare offered to qualifying employers under the CARES Act that Congress passed in March, 2020 in an effort to address the economic turmoil of the COVID-19 pandemic.

28. Although the "Refundem.com" website appears to no longer be functioning, the cached versions of the website on the Internet Wayback Machine list its business location at 101 Merritt 7 Corporate Park 3rd Floor, Norwalk, CT 056851—the same location as Omni-Channel:

**ABOUT REFUNDUM FREE FILE**

As a specialty tax services company, Refundum Free File is exclusively dedicated to evaluating and maximizing the CARES Act Employee Retention Credit (Refundum) for small businesses adversely affected by COVID 19.

◉ 101 Merritt 7 Corporate Park 3rd Floor, Norwalk, CT 06851

**Refundum**

© 2023 Refundum Free File All Rights Reserved

Privacy Policy

29. Upon information and belief, "Refundum Free File" changed its business alias to "Patriot Tax Free File," and its website redirected visitors to "patriottaxerc.com"  This website looks substantially the same as "refundum.com," states that Patriot Tax Free File is "exclusively dedicated to evaluating and maximizing the CARES Act Employee Retention Credit (Patriot Tax) for small businesses adversely affected by COVID 19," and also lists its business location at 101 Merritt 7 Corporate Park 3rd Floor, Norwalk, CT 056851:

**ABOUT PATRIOT TAX FREE FILE**

As a specialty tax services company, Patriot Tax Free File is exclusively dedicated to evaluating and maximizing the CARES Act Employee Retention Credit (Patriot Tax) for small businesses adversely affected by COVID 19.

◉ 101 Merritt 7 Corporate Park 3rd Floor, Norwalk, CT 06851

**Patriot Tax**

© 2023 Patriot Tax Free File All Rights Reserved

Privacy Policy

30. Additionally, the Privacy Policy on patriottaxerc.com encourages its visitors who have any questions to send an email to support@ercfreefile.com.



31.     Upon information and belief, "Patriot Tax Free File" adopted as a business alias the name "ERC Free File," and another business website at "ercfreefile.com." This website looks substantially the same as both "refundum.com" and "patriottaxerc.com," and also lists its business location at 101 Merrit 7 Corporate Park 3rd Floor, Norwalk, CT 056851:



32.     Both the ercfreefile.com website and other internet sites operated on behalf of ERC Free File also state that it is an alias of and/or division of "Markond Workforce Solutions," which is described as "a specialty payroll services company that is exclusively dedicated to evaluating

and maximizing the CARES Act Employee Retention Credit (ERC) for small businesses adversely affected COVID 19.":



33.     ERC Free File lists as one of its principles an individual named Hilda Salerno, who represents on her Linkedin profile that she is with Markond Workforce Solutions.

34. ERC Free File also lists as one its principles an individual named Patrick Ferrandino, who is listed as the registered agent of process for Omni-Channel.

35. Upon information and belief, Defendants paid for, authorized, and directed the unwanted robocalls to Plaintiff and members of the proposed class for the purpose of advertising the ERC-related services offered by themselves or one of their alias companies.

36. Other individuals and/or entities whose names are not known to Plaintiff but will be revealed in discovery are also funding and directing the illegal robocall campaign described above, or placing the illegal calls described herein as agents of one or more Defendants. Courts "have routinely found that parties are permitted to conduct discovery to discover the identities of John Doe defendants." *Martin v. Glob. Mktg. Research Servs., Inc.*, No. 614CV1290ORL31KRS, 2015 WL 6083537, at *6 (M.D. Fla. Oct. 15, 2015) (TCPA case).

37. In receiving unwanted and unsolicited pre-recorded calls on his cellular telephone, Plaintiff suffered concrete harm in the form of lost time spent fielding the unwanted calls, loss of use of his cellular telephone as the calls came in, loss of capacity of the voice mailbox invasion of his privacy, and intrusion upon his seclusion time with his family.

38. All telephone contact made by or at the direction of Defendants to the cellular telephones of Plaintiff and the Class occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

39. The telephone numbers on which Defendants used to contact Plaintiff and the Class via an "artificial or prerecorded voice" made by an "automatic telephone dialing system" were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

40. Plaintiff did not provide his "prior express consent" allowing Defendants to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" and placed by an "automatic dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A). In fact, Plaintiff never had any dealings with Defendants before receiving the call.

41. Telephone calls made to the cellular phones of Plaintiff and the Class by Defendants were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

42. Telephone calls to the cellular phones of Plaintiff and the Class made by Defendants utilized an "artificial or prerecorded voice" and an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

43. The robocall received by Plaintiff and other Class Members also violated the TCPA in that it failed to clearly identify the business, individual or other entity initiating the call at the beginning of the message.

44. Defendants bear the burden of demonstrating that they placed the calls with Plaintiffs' prior express consent. *See, e.g., Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014).

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself and behalf of all other persons similarly situated (hereinafter referred to as "the Class").

46. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All individuals who, in the four (4) years preceding the filing date of this Complaint, received one or more pre-recorded calls to their cellular telephones from "Sarah (sic) Jordan" stating that "it looks

> like your business will likely receive up to $26,000 for every employee maintained on payroll during the years 2020 and/or 2021."

Plaintiff represents, and are a member of, the Class. Excluded from the Class are Defendants and any entities in which a Defendant has a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiff's counsel, and any claims for personal injury, wrongful death and/or emotional distress.

47. Plaintiff does not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum is in the thousands.

48. Plaintiff and all members of the Class have been harmed by Defendants' acts, including, but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants and/or any vendors who placed the illegal calls on their behalf.

51. There are well defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

b. Whether such calls were made by or at the direction of one or more of the Defendants;

c. Whether Defendants can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

d. Whether Defendants' conduct was knowing and/or willful;

e. Whether Defendants are liable for damages, and the amount of such damages; and

f. Whether Defendants should be enjoined from engaging in such conduct in the future.

52. As persons who received telephone calls using an automatic telephone dialing system and an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

53. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

54. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for the violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and prerecorded

the Class members did not provide prior express consent required under the statute to authorize such calls to their cellular telephones.

55. Defendants have acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

56. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

58. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

59. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

60. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

61. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

62. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

## THIRD COUNT

### CIVIL CONSPIRACY TO VIOLATE THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

64. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

65. Defendants agreed among themselves to violate the TCPA and injure Plaintiff and Class members by conducting an illegal robocalling campaign meant to advertise their ERC-related business services.

66. Defendants created websites for themselves and their alias companies, directed and approved a recorded message to be played to unsuspecting call recipients, supervised the calls, and paid for these services, achieving the outcome of generating awareness of their business offerings.

67.     Defendants met in person and/or communicated by phone and email to achieve the objectives of the conspiracy.

68.     Plaintiff and Class members were injured by the conspiracy in the form of the annoyance, burden, time, and expense of dealing with the unwanted, illegal robocalls.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A.      Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B.      As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every violation of the TCPA;

C.      As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every violation of the TCPA;

D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class (and any Subclasses the Court deems appropriate), finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.      A trial by jury on all counts so triable; and

G.      Such other relief as the Court deems just and proper.

Date: July 28, 2023

Respectfully submitted,

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr.
ABA #2022269
HERZFELD, SUETHOLZ, GASTEL,
LENISKI, and WALL PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
Email: joey@hsglawgroup.com

James A. Streett,
ABA #2007092
STREETT LAW FIRM
107 West Main
Russellville, AR 72801
Telephone: 479-968-2030
Facsimile: 479-968-6253
Email: james@streettlaw.com

*Attorneys for Representative Plaintiff Kent McCoy and the Proposed Class*